Audrey A. Millemann, State Bar No. 124954
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiff
Oldcastle Precast, Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLDCASTLE PRECAST, INC., a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> JENSEN ENTERPRISES, INC., dba, JENSEN PRECAST, a Nevada corporation, <br><br> Defendant. | Case No. _____ <br><br> COMPLAINT WITH JURY DEMAND |

Plaintiff Oldcastle Precast, Inc. ("Oldcastle"), for its Complaint against Defendant Jensen Enterprises, Inc. d/b/a Jensen Precast ("Jensen"), hereby states as follows:

## NATURE OF PROCEEDINGS

1.     This is an action at law and equity brought under the Lanham Act, California common law, and the California Business and Professions Code to remedy acts of federal trade dress infringement, unfair competition, unfair business practices, and unjust enrichment.   Jensen knowingly and deliberately copied Oldcastle's trade dress in its well-known plastic utility box cap (hereinafter referred to as the "Oldcastle/Christy Cap").   For over forty (40) years, Oldcastle and its predecessor-in-interest, Christy Concrete Products, Inc. ("Christy"), have manufactured utility boxes that

1   are particularly known for incorporation of a rectangular shaped plastic cap or ring that

2   has rounded inner and outer corners.  The innovation and exclusive efforts of Oldcastle

3   and its predecessor-in-interest resulted in federal trade dress registrations for the

4   Oldcastle/Christy Cap.  In order to compete unfairly and unlawfully and to confuse

5   consumers, Jensen deliberately chose to copy and use the distinctive and source-

6   indicating features of the Oldcastle/Christy Cap as the style of cap for its own

7   competing, concrete utility boxes (hereinafter the "Jensen Utility Box Cap"), and sell its

8   infringing utility box caps to the same consumers and industries as Oldcastle to the

9   detriment of the substantial goodwill accrued by Oldcastle in the trade dress of the

10  Oldcastle/Christy Caps.

11                                          THE PARTIES

12          2.      Oldcastle is a Washington corporation, having its principal place of

13  business at 1002 15th Street S.W., Suite 110, Auburn, Washington  98001.

14          3.      Oldcastle has eight (8) locations in the state of California and two (2) in

15  the Eastern District of California, specifically, in the cities of Tracy and Madera, where

16  the Oldcastle/Christy Caps are manufactured.

17          4.      Upon information and belief, Jensen is a Nevada corporation and has

18  facilities and/or offices in the states of Nevada, Arizona, Hawaii and California,

19  including six (6) locations in the state of California and three (3) in the Eastern District

20  of California, specifically, in the cities of Sacramento, Lockeford, and Orland.

21          5.      Upon information and belief, the Jensen products that incorporate the

22  infringing Jensen Utility Box Cap, including at least Jensen electric utility box product

23  nos. HN1017, HN1222, HN1324, and HN1730 (the "Jensen HN-Series Utility

24  Boxes"), are available throughout California and in the cities and surrounding areas of

25  Sacramento, Lockeford, and Orland.  Attached hereto as Exhibit 1 are copies of the

26  marketing materials and specifications for the Jensen HN-Series Utility Boxes.

27                                  JURISDICTION AND VENUE

28          6.      This is an action arising from Jensen's infringement of Oldcastle's trade

---

{1785506.DOC;}                                2                    PLAINTIFF'S COMPLAINT WITH JURY DEMAND

1   dress rights, and from Jensen's unfair competition, unfair business practices and unjust
2   enrichment.   The claims alleged in this Complaint arise under the Lanham Act, 15
3   U.S.C. §§ 1114(a) and 1125(a), California common law, and the California Business
4   and Professions Code.

5         7.   This Court has jurisdiction over the subject of this action pursuant to 28
6   U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and this Court has supplemental
7   jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) over claims under
8   California law.

9         8.   This Court has jurisdiction over Jensen by virtue of its commission of trade
10  dress infringement, unfair competition, unfair business practices, and unjust enrichment
11  in this judicial district at least because, upon information and belief, Jensen has caused
12  the Jensen HN-Series Utility Boxes incorporating the infringing Jensen Utility Box Cap to
13  be manufactured, distributed, sold, and installed in this judicial district and, in addition,
14  because Jensen's actions have resulted in substantial harm to Oldcastle in this judicial
15  district.

16        9.   Venue is proper in this United States District Court for the Eastern District
17  of California, Sacramento Division pursuant to 28 U.S.C. §§ 1391(b)(3) and
18  1391(c)(2).

19                    GENERAL ALLEGATIONS

20  A.   Oldcastle's Trade Dress

21       10.   Oldcastle is a leading manufacturer of precast concrete, polymer concrete
22  and plastic products for utility boxes and other products in the United States.   Oldcastle
23  was established in 1978 to serve the communications, drainage, environmental, non-
24  residential, residential, specialty products, transportation, and utilities markets.
25  Oldcastle and its predecessor-in-interest have been manufacturing utility boxes for over
26  forty (40) years.

27       11.   Oldcastle acquired its predecessor-in-interest, Christy, in 2002.   The trade
28  dress that is incorporated in the Oldcastle/Christy Cap was initially developed in about

1973 by Christy.

12.     Oldcastle utility box products, such as shown in Exhibit 2, incorporate the Oldcastle/Christy Cap, which is integrated directly into the concrete utility box to make a single concrete utility box unit that includes the plastic Oldcastle/Christy Cap. Concrete utility boxes made with the Oldcastle/Christy Cap are manufactured to the highest industry standards. Oldcastle's longstanding tradition of high quality precast concrete products is well-known by relevant consumers, and the Oldcastle/Christy Cap is a part of Oldcastle's tradition of ingenuity and superior product manufacturing that is recognized and sought after by consumers.

13.     The Oldcastle/Christy Cap is markedly different from preceding third party utility box caps. The Oldcastle/Christy Cap was designed and created specifically with unique and distinctive features that set it apart from other concrete utility boxes which do not utilize plastic caps. These features readily allow consumers to identify the Oldcastle/Christy Caps, and the concrete utility boxes in which they are integrated, as originating with Oldcastle. The Oldcastle utility boxes in which the Oldcastle/Christy Caps are integrated are referred to hereinafter as the "Oldcastle/Christy Cap Utility Boxes".

14.     As shown below, all Oldcastle/Christy Caps are plastic "rings" in the general shape of a rectangle, the inner and outer corners of which are rounded. All Oldcastle/Christy Caps further include an inner wall that extends downward from the inside edge of the surface with a lip formed at the bottom, the inside corners of which are also rounded. The Oldcastle/Christy Cap can also include a surface pattern and two, small smooth ovals on each of the short ends of the cap, one with the CHRISTY trademark inside and the other with the OLDCASTLE trademark inside. The results of these features are utility box cap designs that have come to be associated only with Oldcastle. As a result of over forty years of marketing and sales and its related reputation for high quality precast concrete products, the Oldcastle/Christy Caps have acquired distinctiveness as originating only with Oldcastle, and consumers look for the

1    Oldcastle/Christy Caps to ensure they are receiving an Oldcastle product specifically.

2           15.    Oldcastle owns two federal trademark registrations for the design and
3    configuration of the Oldcastle/Christy Cap.

4           16.    U.S. Trademark Registration No. 4,204,420 is for the configuration of a
5    rectangular, plastic concrete utility box cap ring with rounded inner and outer corners,
6    the drawing for which is shown below ("Oldcastle/Christy Cap Trade Dress Version 1").
7    The concrete utility box, illustrated in dotted lines, indicates a feature that is not part of
8    the trade dress.   Attached here to as Exhibit 3 is a true and correct copy of U.S.
9    Registration No. 4,204,420, the entirety of which is incorporated herein by reference.



17          17.    U.S. Trademark Registration No. 4,204,419 is for the configuration of a
rectangular, plastic concrete utility box cap ring with rounded inner and outer corners,
the top of which contains numerous small, irregular shapes over the entirety of the
surface and which contains a small oval centered on each short side of the rectangle.
The drawing for this trademark is shown below ("Oldcastle/Christy Cap Trade Dress
Version 2").   The concrete utility box, illustrated in dotted lines, indicates a feature that
is not part of the trade dress.  Attached hereto as Exhibit 4 is a true and correct coy of
U.S. Trademark Registration No. 4,204,419, the entirety of which is incorporated
herein by reference.

1.



18.   The following non-functional design elements comprise the trade dress in the two versions of the Oldcastle/Christy Cap.  Oldcastle/Christy Cap Trade Dress Version 1 includes only elements (i) and (ii) below.  Oldcastle Christy Cap Trade Dress Version 2 incorporates and includes elements (i) and (ii) of Version 1 and also includes elements (iii) and (iv) below.  (The Oldcastle/Christy Cap Trade Dress Versions 1 and 2 are collectively referred to herein as the "Oldcastle/Christy Cap Trade Dress"):

i.      a concrete utility box cap that is plastic and rectangular in shape with uniformly rounded corners inside and outside;

ii.     the inner wall that is plastic and which extends down a few inches from the inside edge of the upper surface and then forms a lip or ledge around the lower edge of the inner wall of the cap, the corners of which are also uniformly rounded;




iii.     the design and placement of the raised surface pattern that covers the entirety of the utility box cap surface;







iv.     the shape and location of the small, smooth ovals on the short ends of the top surface of the utility box cap;






19.   These combined design elements identify the source of the Oldcastle/Christy Cap Utility Boxes and Oldcastle/Christy Caps as Oldcastle, and tell consumers that the utility boxes and utility box caps have been designed and manufactured under Oldcastle's recognized quality requirements and standards.

20.   Oldcastle has developed and enjoyed considerable growth and success and an established reputation for high quality and innovative designs for the Oldcastle/Christy Cap Utility Boxes.  Oldcastle has realized increasing and high volume sales for the Oldcastle/Christy Cap Utility Boxes, which sales revenue and related advertising expenditures have significantly increased since first introduced.   The substantial time, creative effort and money Oldcastle has put into developing its highly distinctive, original, and successful Oldcastle/Christy Cap Trade Dress Version 1 and Version 2 results in substantial consumer recognition, trust, loyalty, and goodwill in and to the Oldcastle/Christy Cap Trade Dress.

21.   The distinctive trade dress of the Oldcastle/Christy Cap Utility Boxes has remained the same since its inception.   Moreover, based upon continuous and uninterrupted use of the Oldcastle/Christy Cap Trade Dress for more than forty (40) years in interstate commerce, relevant consumers have come to associate the Oldcastle/Christy Cap Trade Dress Versions 1 and 2 exclusively with a single source, namely, Oldcastle and its predecessor-in-interest, and Oldcastle has received U.S. Trademark Registration Nos. 4,204,420 and 4,204,419 providing Oldcastle with prima facie exclusive rights to the Oldcastle/Christy Cap Trade Dress Versions 1 and 2.

B.   Jensen's Infringing Utility Box Products & Actions

22.   Upon information and belief, beginning in 2012, Jensen began manufacturing and selling in the United States, the Jensen HN-Series Utility Boxes. Upon information and belief, until this time, Jensen offered only small utility boxes it purchased from third party precast concrete manufacturers.  A copy of the Jensen Press Release dated July 30, 2012 out of Sacramento, California announcing Jensen's own

line of "traffic rated and non-traffic small utility boxes and lids" is attached as Exhibit 5 and incorporated herein by reference.

23.    Upon information and belief, instead of creating its own unique design when it decided to manufacture the Jensen HN-Series Utility Boxes, Jensen deliberately copied the well-known designs and distinct and source identifying features of Oldcastle/Christy Cap Utility Boxes.  Jensen deliberately set out to manufacture the Jensen HN-Series Utility Boxes to the specifications "equal to those of Oldcastle® Christy® utility and traffic boxes." See Id., press release at Exhibit 5.   Christy® is Oldcastle's brand and Oldcastle's predecessor-in-interest as noted herein at paragraph 11.  In its marketing materials, Jensen also deliberately associates its utility boxes with the Oldcastle/Christy Cap Trade Dress. See, Exhibit 1 ("Compare to: Christy® N09").

24.    In creating its own line of such utility boxes to intentionally duplicate the specifications of Oldcastle's and its predecessor-in-interest's competing product line, Jensen also deliberately chose to copy the very well-known, source-indicating trade dress features of the Oldcastle/Christy Cap.

25.    The caps used by Jensen on the Jensen HN-Series Utility Boxes copy and combine all of the distinctive, non-functional design elements that make up the Oldcastle/Christy Cap Trade Dress.  As shown in the images below, the Jensen HN-Series Utility Boxes slavishly copy the following trade dress features of the Oldcastle/Christy Cap: (i) the uniformly rounded inner and outer corners of the cap, (ii) the inner side wall of the cap that flattens out into a lip at the bottom and also has rounded corners, (iii) the raised surface pattern on the top of a the plastic cap, and (iv) the style and location of the Jensen trademark/emblems on the small, smooth portions at the center of the short ends of the cap.

**JENSEN**

(i) UNIFORMLY ROUNDED INNER AND OUTER CORNERS OF THE CAP,
(ii) DROP ON THE INSIDE THE CAP THAT FLATTENS INTO A LIP AT THE BOTTOM, ALSO WITH ROUNDED CORNERS,

 

(iii) A RAISED SURFACE PATTERN ON THE TOP OF A PLASTIC CAP, and



(iv) THE STYLE AND LOCATION OF THE JENSEN TRADEMARKS IN SMALL, SMOOTH PORTIONS OF THE SURFACE OF THE CAP LOCATED AT THE CENTER OF THE SHORT ENDS OF THE CAP.

  

26.     Upon information and belief, Jensen sells the Jensen HN-Series Utility Boxes through the same channels of trade and to the same consumers as Oldcastle sells its Oldcastle/Christy Cap Utility Boxes.

27.     Upon information and belief, and as noted herein at paragraph 23 and

also shown in Exhibits 1 and 5, Jensen has not only deliberately copied but has also purposefully emphasized the similarities between the Jensen HN-Series Utility Boxes and the Oldcastle/Christy Cap Utility Boxes and marketed the Jensen HN-Series Utility Boxes as utilizing the same or similar design features as the Oldcastle/Christy Cap Utility Boxes to trade upon the goodwill Oldcastle has established in the Oldcastle/Christy Cap Trade Dress as well as to divert revenues from Oldcastle.

28.     Oldcastle and its predecessors-in-interest have established source recognition and goodwill in the Oldcastle/Christy Cap Trade Dress that consumers have come to rely upon as the highest standard in the industry.  Oldcastle's reputation for quality precast concrete products was carried over to its Oldcastle/Christy Cap, and Oldcastle continued to garner this quality reputation and goodwill specifically in the Oldcastle/Christy Cap Utility Box.  Through 40 years of advertising and sales of the Oldcastle/Christy Cap Utility Boxes consumers have come to recognize not only the Oldcastle/Christy Cap Trade Dress as distinct but also recognize it specifically as identifying Oldcastle and its reputation for quality precast concrete products and design.  Jensen's rote copying of Oldcastle's Intellectual Property not only erodes this significant goodwill, but it also allows Jensen to unfairly benefit from Oldcastle's ingenuity, investments, and intellectual protectable property rights.

## I.   FIRST CLAIM FOR RELIEF
(Federal Trade Dress Infringement of U.S. Registration No. 4,204,420
Under §32 of the Lanham Act, 15 U.S.C. § 1114)

29.     Oldcastle incorporates paragraphs 1 through 28 as though fully set forth herein.

30.     Jensen's actions constitute infringement of Oldcastle's U.S. Registration No. 4,204,420 for the configuration of a concrete utility box cap ring that is plastic, and rectangular in shape with rounded inner and outer corners, and thus violates 15 U.S.C. § 1114.

31.     Upon information and belief, Jensen designed, created and began using and selling the Jensen HN-Series Utility Boxes with full knowledge of Oldcastle's

1  superior trade dress rights as evidenced by U.S. Trademark Registration No.

2  4,204,420.

3    32.   Upon information and belief, Jensen's manufacture and distribution of the

4  Jensen HN-Series Utility Boxes with designs and non-functional features that copy the

5  Oldcastle/Christy Cap Trade Dress Version 1 is likely to cause confusion, or to cause,

6  mistake or was likely to and did cause confusion with Oldcastle's established and

7  superior rights in U.S. Registration No. 4,204,420 in violation of Section 32 of the

8  Lanham Act, 15 U.S.C. § 1114.

9    33.   Jensen's tortious acts constitute willful and deliberate trade dress

10 infringement under 15 U.S.C. § 1114 and are in willful and wanton disregard of

11 Oldcastle's established and superior rights in the Oldcastle/Christy Cap Trade Dress

12 Version 1 identified in U.S. Trademark Registration No. 4,204,420.

13   34.   As a result of Jensen's unlawful actions, Oldcastle has suffered harm to its

14 reputation, the goodwill inherent in the Oldcastle/Christy Cap Trade Dress Version 1

15 identified in U.S. Trademark Registration No. 4,204,420, and Oldcastle has suffered

16 commercial harm.

17   35.   Oldcastle has been and continues to be irreparably harmed by Jensen's

18 unlawful actions, and Oldcastle has no adequate remedy at law.

19               II.  SECOND CLAIM FOR RELIEF
     (Federal Trade Dress Infringement Under of U.S. Registration No. 4,204,419
20              Under§ 32 of the Lanham Act, 15 U.S.C. § 1114)

21   36.   Oldcastle incorporates paragraphs 1 through 35 as though fully set forth

22 herein.

23   37.   Jensen's actions constitute infringement of Oldcastle's U.S. Registration

24 No. 4,204,419 for a concrete utility box cap ring that is plastic and rectangular in

25 shape with rounded inner and outer corners, a raised surface pattern and has a small,

26 smooth oval centered on each short side of the rectangle, and thus violates 15 U.S.C. §

27 1114.

28   38.   Upon information and belief, Jensen designed, created and began using

{1785506.DOC;}                      12          PLAINTIFF'S COMPLAINT WITH JURY DEMAND

and selling the Jensen HN-Series Utility Boxes with full knowledge of Oldcastle's superior trade dress rights as evidenced by U.S. Trademark Registration No. 4,204,419.

39.  Upon information and belief, Jensen's manufacture and distribution of the Jensen HN-Series Utility Boxes with designs and non-functional features that copy the Oldcastle/Christy Cap Trade Dress Version 2 is likely to cause confusion, or to cause, mistake or was likely to and did cause confusion with Oldcastle's established and superior rights in U.S. Registration No. 4,204,419 in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40.  Jensen's tortious acts constitute willful and deliberate trade dress infringement under 15 U.S.C. § 1114 and are in willful and wanton disregard of Oldcastle's established and superior rights in the Oldcastle/Christy Cap Trade Dress Version 2 identified in U.S. Trademark Registration No. 4,204,419.

41.  As a result of Jensen's unlawful actions, Oldcastle has suffered harm to its reputation, the goodwill inherent in the Oldcastle/Christy Cap Trade Dress Version 2 identified in U.S. Trademark Registration No. 4,204,419, and Oldcastle has suffered commercial harm.

42.  Oldcastle has been and continues to be irreparably harmed by Jensen's unlawful actions, and Oldcastle has no adequate remedy at law.

### III.  THIRD CLAIM FOR RELIEF
(Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. §1125(a))

43.  Oldcastle incorporates paragraphs 1 through 42 above as though fully set forth herein.

44.  Upon information and belief, Jensen designed, created the Jensen HN-Series Utility Boxes to copy the Oldcastle/Christy Cap Trade Dress with the intent to confuse consumers into believing that the Jensen HN-Series Utility Boxes are Oldcastle's products or that the directly competing Jensen HN-Series Utility Boxes are otherwise licensed by, endorsed by or affiliated with Oldcastle.  Such actions are likely to cause confusion, mistake or deception as to the affiliation, connection or association

1  of Jensen and the Jensen HN-Series Utility Boxes with Oldcastle, and as to the origin,

2  sponsorship or approval of the Jensen HN-Series Utility Boxes and related advertising

3  and commercial activity within the meaning of 15 U.S.C. § 1125(a).

4       45.  Jensen continues to manufacture, offer for sale, and sell the Jensen HN-

5  Series Utility Boxes which copy the Oldcastle/Christy Cap Trade Dress with full

6  knowledge of Oldcastle's superior trade dress rights, but without Oldcastle's

7  authorization.  Jensen's tortious acts constitute willful and deliberate unfair competition

8  under 15 U.S.C. § 1125(a) and are in willful and wanton disregard of Oldcastle's

9  established, well-known, and superior trade dress rights.

10       46.  As a result of Jensen's unlawful actions, Oldcastle has suffered harm to its

11  reputation, the goodwill inherent in the Oldcastle/Christy Cap Trade Dress, and

12  Oldcastle has suffered commercial harm.

13       47.  Oldcastle has been and continues to be harmed irreparably by Jensen's

14  unlawful actions, and Oldcastle has no adequate remedy at law.

15                    IV.  FOURTH CLAIM FOR RELIEF
   (Unfair Business Practice under California Business and Professions Code §17200, et
16                                   seq.)

17       48.  Oldcastle incorporates paragraphs 1 through 47 above as though fully set

18  forth herein.

19       49.  Oldcastle has a legally protectable interest in the Oldcastle/Christy Cap

20  Trade Dress, which trade dress serves no other function than to identify Oldcastle as the

21  source of the Oldcastle/Christy Cap Utility Boxes.  Through Oldcastle's longstanding

22  use, the Oldcastle/Christy Cap Trade Dress has come to be associated solely with

23  Oldcastle as the source of Oldcastle/Christy Cap Utility Boxes.

24       50.  Jensen willfully and intentionally and with full knowledge of Oldcastle's

25  prior rights in the distinctive Oldcastle/Christy Cap Trade Dress, designed,

26  manufactured, offered for sale and sold the Jensen HN-Series Utility Boxes with intent to

27  cause confusion or mistake or to deceive customers into believing the Jensen HN-Series

28  Utility Boxes are or were somehow endorsed or licensed by, affiliated with or connected

to Oldcastle.

51.    Jensen's actions in adopting the Oldcastle/Christy Cap Trade Dress in the Jensen HN-Series Utility Boxes and offering the Jensen HN-Series Utility Boxes for sale are likely to cause confusion as to the source of Jensen's products and is likely to cause others to be confused or mistaken into believing there is a relationship between Jensen and Oldcastle or that the Jensen HN-Series Utility Boxes are licensed or sponsored by Oldcastle or otherwise affiliated with Oldcastle.

52.    Jensen's adoption of the Oldcastle/Christy Cap Trade Dress in the Jensen HN-Series Utility Boxes and offering for sale of the Jensen HN-Series Utility Boxes is likely to mislead or deceive the general public and, therefore, constitutes fraudulent and unfair business practices in violation of California Business & Professions Code §§ 17200, et. seq.

53.    Jensen's actions as described above constitute trade dress infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and trade dress infringement under Section 32 of the Lanham Action, 15 U.S.C. § 1114 and, therefore, constitute unlawful and unfair acts in violation of California Business & Professions Code §§ 17200, et. seq.

54.    Jensen's fraudulent, unlawful, and unfair business practices described above have harmed and deceived and continue to harm and deceive the public as Jensen continues to promote, manufacture and sell the Jensen HN-Series Utility Boxes by wrongfully trading off of the goodwill in the Oldcastle/Christy Cap Trade Dress.

55.    As a result of Jensen's actions, Jensen has received and will continue to profit from the time, money, effort expended by Oldcastle in creating, designing and using the Oldcastle/Christy Cap Trade Dress, and Jensen will continue to profit from the goodwill and source recognition accrued by Oldcastle in the Oldcastle/Christy Cap Trade Dress.

56.    As a result of Jensen's fraudulent, unlawful, and unfair business practices described above, Oldcastle has suffered commercial harm, loss of money and profits,

and Oldcastle will continue to be harmed and lose profits and money if Jensen's actions are not enjoined.

57.   Jensen's adoption of the Oldcastle/Christy Cap Trade Dress into the Jensen HN-Series Utility Boxes and offering for sale of the Jensen HN-Series Utility Boxes to the public has caused harm to Oldcastle's goodwill and the goodwill and reputation associated with the Oldcastle/Christy Cap Trade Dress, and Oldcastle has no adequate remedy at law for Jensen's continuing violation of Oldcastle's trade dress rights.

## V.  FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment under California Common law)

58.   Oldcastle incorporates paragraphs 1 through 57 above as though fully set forth herein.

59.   As a result of the infringing and unfair conduct by Jensen alleged herein, Jensen has been unjustly enriched to the detriment of Oldcastle.  Oldcastle seeks an accounting and disgorgement of all profits resulting from Jensen's unfair and unlawful activities.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Oldcastle prays that the Court enter an Order for Judgment as follows:

A.   That Jensen, and anyone acting in concert with Jensen, and any of its officers, directors, agents, servants, employees, affiliates, attorneys, privies, representatives, successors, assigns, and parent and subsidiary entities, and all others acting in concert or participation with any such individuals or entities, be preliminarily and permanently enjoined from:

(1)   any further infringement of the Oldcastle/Christy Cap Trade Dress;

(2)   any further direct or indirect use of the Oldcastle/Christy Cap Trade Dress or trade dress which is confusingly similar thereto;

(3)   any further direct or indirect use of any of the specific design elements that make up the Oldcastle/Christy Cap Trade Dress as identified herein;

(4)     performing any action or using any trade dress or other design, feature, ornamentation, name, mark, symbol or emblem which is likely to cause confusion or mistake, or to deceive or otherwise mislead the trade and/or the public into believing that Oldcastle and Jensen are one and the same or in some way connected, or that Oldcastle is the sponsor of Jensen, or that Jensen is in some manner affiliated or associated with, or under the supervision or control of Oldcastle, or that the Jensen HN-Series Utility Boxes originate with Oldcastle, or are connected or offered with the approval, consent, license, authorization, or under the supervision of Oldcastle;

(5)     using the Oldcastle/Christy Cap Trade Dress in all forms of expression, including any manufacture and/or sale of the Jensen HN-Series Utility Boxes incorporating the Oldcastle/Christy Cap Trade Dress;

(6)     manufacturing, marketing or selling any product or material containing or utilizing Oldcastle's intellectual property;

(7)     manufacturing or selling any product or service containing or utilizing Oldcastle's intellectual property and/or business values or any other conduct constituting unfair competition with or misappropriation of Oldcastle's property or values; and

(8)     any other conduct constituting unfair competition with Oldcastle.

B.     That Jensen, and others acting in concert with Jensen, including and any of its officers, directors, agents, servants, employees, affiliates, attorneys, privies, representatives, successors, assigns, and parent and subsidiary entities, and all others acting in concert or participation with any such individuals or entities, be ordered to deliver up to Oldcastle for destruction, or certify destruction of, all products that infringe the Oldcastle/Christy Cap Trade Dress or any confusingly similar trade dress, used in connection with the manufacture, marketing or sale of concrete utility boxes and utility box caps of any kind or manner;

C.     That Jensen, and any others acting in concert with Jensen, including and

1   any of its officers, directors, agents, servants, employees, affiliates, attorneys, privies,

2   representatives, successors, assigns, and parent and subsidiary entities, and all others

3   acting in concert or participation with any such individuals or entities, be ordered to

4   deliver up to Oldcastle any and all tools, molds, stamps and/or embossing plates,

5   drawings, technical drawings, and forms used in the creation of the Jensen Utility Box

6   Caps or Jensen HN-Series Utility Boxes;

7       D.    That Jensen, and any others acting in concert with Jensen, including and

8   any of its officers, directors, agents, servants, employees, affiliates, attorneys, privies,

9   representatives, successors, assigns, and parent and subsidiary entities, and all others

10  acting in concert or participation with any such individuals or entities, be ordered to

11  deliver up to Oldcastle any and all information regarding both the manufacture and

12  sales of the Jensen HN-Series Utility Boxes, including a list of all parties involved in the

13  manufacture, distribution and sale of the Jensen HN-Series Utility Boxes incorporating

14  the Oldcastle/Christy Cap Trade Dress;

15      E.    That Jensen, and any others acting in concert with Jensen, including and

16  any of its officers, directors, agents, servants, employees, affiliates, attorneys, privies,

17  representatives, successors, assigns, and parent and subsidiary entities, and all others

18  acting in concert or participation with any such individuals or entities, be ordered to file

19  with the Court and serve on Oldcastle, within thirty (30) days after the entry of an

20  injunction, a report in writing, under oath, setting forth in detail the manner and form in

21  which Jensen has complied with any ordered injunction;

22      F.    That Oldcastle be awarded damages in an amount to be determined at

23  trial for all infringing activities, including Oldcastle's damages, including reputational

24  damages and lost profits, Jensen's profits, plus any costs incurred in preventing future

25  confusion, mistake or deception, all from the date of first infringement;

26      G.    That Jensen, and any others acting in concert with Jensen, including and

27  any of its officers, directors, agents, servants, employees, affiliates, attorneys, privies,

28  representatives, successors, assigns, and parent and subsidiary entities, and all others

1  acting in concert or participation with any such individuals or entities, pay Oldcastle a

2  sum sufficient to cover the cost of corrective advertising necessary to alleviate any

3  existing confusion resulting from Jensen's unauthorized use of Oldcastle's proprietary

4  rights;

5        H.    That Oldcastle be awarded actual/compensatory damages caused by

6  Jensen, and any others acting in concert with Jensen, including and any of its officers,

7  directors, agents, servants, employees, affiliates, attorneys, privies, representatives,

8  successors, assigns, and parent and subsidiary entities, and all others acting in concert

9  or participation with any such individuals or entities;

10        I.    That Oldcastle be awarded treble damages under 15 U.S.C. §1117 due

11  to the willful and wanton nature of Jensen's conduct and the conduct of any others

12  acting in concert with Jensen, including and any of its officers, directors, agents,

13  servants, employees, affiliates, attorneys, privies, representatives, successors, assigns,

14  and parent and subsidiary entities, and all others acting in concert or participation with

15  any such individuals or entities;

16        J.    That Oldcastle be awarded pre-judgment and post-judgment interest;

17        K.    That Oldcastle be awarded its attorneys' fees and costs incurred in

18  prosecuting this action, under 15 U.S.C. §1117, including its expert witness and survey

19  fees; and

20        L.    That the Court award such other and further preliminary and permanent

21  relief to Oldcastle as the Court deems equitable and appropriate.

22

23  Dated: August 1, 2014        WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
                              Law Corporation

24

25                           By:   /s/Audrey A. Millemann
                                Audrey A. Millemann

26                                  State Bar No. 124954
                                Attorneys for Plaintiff

27                                  Oldcastle Precast, Inc.

28

DEMAND FOR JURY TRIAL

Plaintiff Oldcastle Precast, Inc. hereby demands a trial by jury.

Dated: August 1, 2014          WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
                               Law Corporation


                               By:    /s/ Audrey A. Millemann
                                      Audrey A. Millemann
                                      State Bar No. 124954
                                      Attorneys for Plaintiff
                                      Oldcastle Precast, Inc.